Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VII

| ERICKS VÁZQUEZ GUZMÁN Y OTROS<br><br>Recurrida<br><br>v.<br><br>R & L DEVELOPMENT SE Y OTROS<br><br>Peticionaria | KLCE202400206 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CY2022CV00510 (702)<br><br>Sobre: DAÑOS Y OTROS |
|---|---|---|

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de marzo de 2024.

El peticionario, el señor Leslie Cardenales Ortiz (en adelante, señor Cardenales Ortiz o peticionario), solicita que revisemos una *Resolución* en la que el Tribunal de Primera Instancia, Sala Superior de Caguas, declaró *No Ha Lugar* la moción sobre *Nulidad de Emplazamiento y Solicitud de Desestimación* del 26 de octubre de 2023. El peticionario presentó una *Moción de Reconsideración* el 31 de octubre de 2023, la cual fue declarada *No Ha Lugar por* el Tribunal de Primera Instancia el 20 de enero de 2024 y notificada el 21 de enero del mismo año.

La parte recurrida, Ericks Vázquez Guzmán y Orlandmarithz Contreras Rodríguez, (en adelante matrimonio Vázquez Contreras o recurridos), presentaron su recurso de oposición el día 11 de marzo de 2024.

Por los fundamentos que anteceden a continuación, se deniega la expedición del auto de *certiorari.*

### I.

Los hechos esenciales para comprender la determinación que hoy tomamos son los siguientes. Cabe destacar que el presente litigio tiene un trasfondo procesal extenso, relacionado con un recurso alterno, pero

Número Identificador

RES2024_____

pertinente al que nos ocupa, que es menester puntualizar para la más cabal comprensión del asunto.

R & L Development S.E. (en adelante, R &L Development) se constituyó mediante la escritura pública número 125 del 8 de abril de 1991 ante el Notario Francisco M. Vázquez Santoni.[1] El propósito de dicha sociedad especial era dedicarse al negocio de desarrollo de terrenos, construcción, venta y arrendamiento de edificios y estructuras, entre otras actividades. En dicha escritura, en su artículo seis (6), los socios pactaron el tiempo de duración de la sociedad a cinco (5) años, el cual podría prorrogarse por dos términos adicionales de cinco (5) años cada uno.[2] Posteriormente, dos de sus miembros decidieron por acuerdo unánime extender el término de la sociedad. Así las cosas, Jesús Manuel Rodríguez Fuentes y Manuel René Rodríguez Meléndez, formalizaron la Escritura Núm. 123, mediante la cual extendieron el término de vigencia de la sociedad desde el 12 de julio de 2012 y finalizó el 11 de julio de 2015.[3]

Según surge del expediente, mediante una réplica a oposición a moción de reconsideración, por primera vez el peticionario advirtió al tribunal que existe un pleito adjudicado alterno, donde se alegó que, ante la muerte de uno de sus miembros, hubo un proceso judicial independiente ante el Tribunal de Primera Instancia, donde el juzgador concluyó que la sociedad especial conformada por R & L Development se había extinguido irremediablemente el 11 de junio de 2015.[4] No obstante, el foro a *quo* no estableció un término específico para liquidar los activos de R & L Development. Por lo tanto, R & L Development continuó operando posteriormente a la fecha de "*extinción irremediable*", mediante distintas resoluciones corporativas. Entre algunas de sus actuaciones, mediante resolución corporativa, R & L Development compareció en actos de segregación, compraventa y constitución de hipoteca, compraventa y constitución de hogar seguro, entre otras.[5]

---

[1] Apéndice I del recurso de *certiorari*, págs. 10-25.
[2] *Id.* pág. 13.
[3] Apéndice I, págs. 26 a 27.
[4] Apéndice I, Sentencia del caso AI2022CV00004, pág. 286-298.
[5] Apéndice I del recurso de *certiorari*, págs. 56-255.

Cabe resaltar que, el señor Cardenales Ortiz también intervino con R & L Development en algunos asuntos, a saber, como empleado del banco MoneyHouse, que llevaba a cabo negocios con la sociedad y como intermediario y emplazador en el pleito AI2022CV0004, entre otros asuntos. Así las cosas, el peticionario fue designado vicepresidente de R & L Development el 29 de abril de 2021, mediante *Resolución Corporativa* firmada por su presidente, el señor Jesús Manuel Rodríguez Fuentes, (en adelante señor Rodríguez Fuentes).[6] Por tal razón, el peticionario compareció ante notario para distintos negocios jurídicos en representación de R & L Development.

Ahora bien, resumido brevemente el tracto de R & L Development, procedemos a la controversia que nos atañe. Según surge de los hechos, el 30 de abril de 2011, el señor René Rodríguez Meléndez, socio de R & L Development, compareció ante el Notario Valenry J. Rivera Santiago (en adelante Notario Rivera Santiago), donde éste último autorizó la Escritura Núm. 49 de *Segregación, Compraventa y Constitución de Hipoteca* sobre el solar G-13 a favor de los recurridos. En dicha escritura, el Notario Rivera Santiago dio fe de que la propiedad contaba con permisos de la Administración de Reglamentos y Permisos de Puerto Rico (en adelante, ARPe).[7] En la misma, el Notario Rivera Santiago hizo constar que ARPe aprobó el desarrollo, según Permiso de Urbanización Número 95-70-A-513-CPCU-1 de veintinueve (29) de marzo de mil novecientos noventa y nueve (1999) para la Urbanización Mansiones Monte Verde en Cayey. Además, hizo constar que ARPe aprobó un *Plano de Inscripción Parcial* y que estos fueron presentados ante el Registro de la Propiedad. Cónsono con lo anterior, también hizo constar que, ante estos negocios jurídicos, R & L Development segregó la finca objeto de controversia.

---

[6] Apéndice I del recurso de *certiorari*, págs. 51-52.
[7] *Oposición a Certiorari*, Apéndice I, págs. 1-8.
**Nota**: Hacemos constar que no contamos con la Escritura Núm. 49, por lo que tomamos conocimiento de lo que surge de la Demanda de epígrafe.

Así las cosas, el matrimonio Vázquez Contreras adquirió una propiedad de parte de R & L Development. Los recurridos alegaron que R & L Development cedió, vendió y traspasó una propiedad inmueble por el precio estipulado de $300,000.00. R & L Development recibió $10,000.00 en el acto, por lo que el resto quedó aplazada y garantizada mediante un pagaré con un valor de $290,000.00. Luego de un descargo en el Tribunal Federal como parte de un proceso de quiebra, el 7 de mayo de 2021, la parte recurrida solicitó de manera extrajudicial a R & L Development la entrega del pagaré original por el valor de $290,000.00. Así las cosas, los recurridos comparecieron ante el Notario Carlos A. Piovanetti Dohnert, quien autorizó la Escritura Núm. 24 de *Cancelación de Hipoteca*. El 5 de octubre de 2021, los recurridos presentaron ante el Registro de la Propiedad, las escrituras precitadas, al igual que documentos complementarios para la inscripción de estas.

El 13 de junio de 2022, las escrituras previamente relacionadas fueron notificadas por la Honorable Registradora de la Propiedad, Ana L. Robles Lago, a saber, por falta de *Resolución* y *Plano de Inscripción* debidamente aprobado por ARPe.[8] Los recurridos solicitaron la documentación necesaria ante R & L Development, al igual que ante el Notario Rivera Santiago. Empero, al no obtener resultados previos a la fecha de caducidad en el Registro de la Propiedad, retiraron los documentos presentados el 11 de agosto de 2022.

Ante la negativa de obtener los documentos solicitados por parte de R & L Development y el Notario Rivera Santiago, el matrimonio Vázquez Contreras acudió a distintas oficinas gubernamentales para solicitar documentos necesarios y relacionados con la copia del *Plano de Inscripción* de la propiedad y la *Resolución* aprobada por ARPe. Mediante certificación emitida a favor del matrimonio Vázquez Contreras, la Oficina de Gerencia de Permisos, (en adelante, OGPe) (antes, ARPe), certificó que no se encontró

---

[8] SUMAC Entrada núm. 1.

*Resolución* ni *Planos de Inscripción* para dicho inmueble en el año 1999.[9] En ese momento, advinieron en conocimiento que la propiedad que nos ocupa no constaba como segregada ni autorizada por dichas agencias.

Así las cosas, el 2 de diciembre de 2022, el matrimonio Vázquez Contreras instó una causa de acción contra R & L Development, el Notario Rivera Santiago y otros. En esencia alegaron daños, negligencia, fraude, impericia profesional contra R & L Development y el Notario Rivera Santiago, por lo que reclamaron el pago de costas, honorarios de abogados, gastos y daños económicos y angustias mentales sufridos, por no haber podido inscribir su residencia, no haber podido beneficiarse de incentivos, préstamos u otras ayudas. También solicitaron que tanto la sociedad especial como el notario, proveyeran los documentos solicitados, y de no existir, que se realizaran las obras y fueran pagaderas a costa de R & L Development y el Notario Rivera Santiago.

Como parte del proceso de emplazamiento, el matrimonio Vázquez Contreras emplazó a R & L Development, por conducto del señor Cardenales Ortiz. Posteriormente, el 18 de enero de 2023, el peticionario arguyó, mediante una *Moción sobre Nulidad de Emplazamiento y Solicitud de Desestimación,* que el 19 de diciembre de 2022 recibió un emplazamiento dirigido a R & L Development y que, a dicha fecha, él no era agente autorizado, ni oficial, ni gerente administrativo, ni socio de la sociedad especial. En la alternativa, sostuvo que debía acumularse a todos los miembros y herederos de R & L Development.

El 8 de febrero de 2023, los recurridos presentaron un escrito intitulado *Oposición a la Moción sobre Nulidad de Emplazamiento y Solicitud de Desestimación.* En síntesis, destacaron que, desde el 29 de abril de 2021, R & L Development otorgó un *Certificado de Resolución de Sociedad Especial,* donde se designó al peticionario como vicepresidente de la Junta de

---

[9] **Nota Aclaratoria**: En el 2009, mediante la Ley Núm. 161 de ese mismo año, la Junta de Planificación es reformada sustancialmente y la antigua ARPe desaparece, creándose la Oficina de Gerencia de Permisos (OGPe).

Directores de R & L Development y las facultades conferidas a su cargo.[10] Especialmente, señalaron que la sociedad especial no se extinguió el 11 de julio de 2015, toda vez que, R & L Development continuó operando el negocio de terrenos, construcción, venta, cesión y otros.[11] El 17 de febrero de 2023, el Tribunal de Primera Instancia emitió *Orden* dando por sometida las mociones previamente mencionadas.[12]

El 23 de febrero de 2023, el codemandado, Notario Rivera Santiago, presentó su contestación a la demanda. Ulteriormente y sin haber ocurrido ninguna otra actividad procesal, el 26 de octubre de 2023 y archivada en autos el mismo día, el Tribunal de Primera Instancia emitió *Resolución* donde declaró *No Ha Lugar* la *Moción de Desestimación* presentada por R & L Development.

Así las cosas, el 31 de octubre de 2023, el peticionario presentó una *Solicitud de Reconsideración.*[13] Adujo que mediante la *Sentencia* emitida el 30 de marzo de 2022 en el caso AI2022CV00004, la sociedad fue disuelta irremediablemente mediante determinación judicial. Sostuvo que debía acumularse a los miembros de la sucesión de la señora Marta Meléndez Veguilla, herederos de la participación en R & L Development. Oportunamente, el 29 de noviembre de 2023, la parte recurrida presentó *Oposición a la Solicitud de Reconsideración.* Alegaron, entre otros pormenores, que la precitada moción no cumplía con los criterios de una solicitud de reconsideración al amparo de la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47.

El 5 de diciembre de 2023, el peticionario presentó una *Réplica a Oposición a la Solicitud de Reconsideración.*[14] En síntesis, arguyó que había controversia sobre la existencia de la sociedad especial a la fecha del 19 de diciembre de 2022, cuando fue emplazado. Sostuvo que por razón del trámite procesal del caso AI2022CV0004, este no podía ser representante a la fecha

---

[10] Apéndice II del recurso de *certiorari*, págs. 51-52.
[11] Apéndice V del recurso de *certiorari*, págs. 267-272.
[12] *Oposición a Certiorari*, Apéndice IV, pág. 14.
[13] Apéndice VII del recurso de *certiorari*, págs. 280-285.
[14] Apéndice VI del recurso de *certiorari*, págs. 273-276.

del emplazamiento. Añadió que dicho litigio había sido objeto de recursos apelativos.[15] Dicha *Réplica* fue declara *No Ha Lugar* el 20 de enero de 2024 y archivada el 21 de enero de 2024 por el foro de instancia.[16]

Inconforme, el peticionario presentó este recurso, donde alega que:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE ADQUIRIÓ JURISDICCIÓN SOBRE UNA SOCIEDAD ESPECIAL QUE NO TENÍA PERSONALIDAD JURÍDICA YA QUE SE HABÍA EXTINGUIDO PREVIAMENTE Y UN TRIBUNAL DE INSTANCIA HABÍA DISPUESTO LA FORMA DE SU LIQUIDACIÓN.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE UN EMPLAZAMIENTO DILIGENCIADO A UN ANTIGUO OFICIAL DE UNA EXTINTA SOCIEDAD ESPECIAL LE CONCEDIÓ JURISDICCIÓN SOBRE LA MISMA.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE UNA EXTINTA SOCIEDAD ESPECIAL PUEDE SER TRAÍDA A UN PLEITO SIN INCLUIR COMO PARTES INDISPENSABLES A LOS SOCIOS DE LA MISMA.

La parte recurrida compareció ante nos el 11 de marzo de 2024. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.,* 2023 TSPR 65, 212 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction Inc.,* 201 DPR 703, 710 (2019). Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R 52.1. Advertimos que esta Regla ha sufrido modificaciones a través del tiempo para expandir el marco discrecional que ostentan los foros revisores en la expedición del recurso.

---

[15] KLCE202300044, CC-2023-0216
[16] Apéndice VII del recurso de *certiorari,* pág. 279.

En la actualidad, la Regla 52.1 de Procedimiento Civil, *supra,* específicamente dispone que el recurso de *certiorari* solamente será expedido:

[p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

32 LPRA Ap. V, R. 52.1.

Superado el análisis al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* el foro apelativo deberá auscultar los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para guiar su discreción al intervenir con la resolución u orden interlocutoria recurrida. La Regla 40 dispone:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Sin embargo, la discreción no opera en el vacío y en ausencia de parámetros que la encaminen, sino que el foro apelativo cuenta con los criterios enumerados en dicha Regla para asistirlo y determinar si en un caso en particular procede que se expida el auto discrecional de *certiorari*. *Banco Popular de Puerto Rico v. Gómez Alayón*, 2023 TSPR 145, a la pág. 23, 213 DPR ___ (2023).

### III

La Regla 52.1 de Procedimiento Civil, *supra,* nos autoriza a intervenir en este recurso, debido a que se solicita revisión de la denegatoria a una moción de carácter dispositivo. No obstante, en el ejercicio de discreción característico de este tipo de recurso y a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra,* determinamos no intervenir en esta etapa del proceso.

### IV

Por lo antes expuesto se deniega la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones